# Hamm et al. *versus* Beaver.

1. The condition annexed to a recovery in an ejectment for purchase-money, is, that upon the performance of the condition, the recovery shall be released, and not the title to the land.

2. In an ejectment to enforce the payment of an instalment of the purchase-money, where a conditional recovery is had, and the money paid in accordance with the finding, the title still remains in the plaintiff, as a security for the payment of the unpaid instalment.

3. Where a conditional recovery in ejectment comprises the whole of the purchase-money, upon its payment the court will, by virtue of its equity powers, interpose and compel the plaintiff to convey the title in fee, according to the contract.

4. A conditional recovery in ejectment for the payment of one instalment of the purchase-money of real estate, is no bar to an action on a future instalment.

ERROR to the Court of Common Pleas of *Clarion county*.

EJECTMENT to enforce the payment of purchase-money.

John G. Beaver, the plaintiff below, sold to James Fox, one of the defendants below, the tract of land for which this ejectment was brought, by an article of agreement dated the 23d day of February, A. D. 1850, for the price of seven dollars per acre, four hundred dollars to be paid in hand, and the balance in four equal annual instalments. On the 9th day of January, 1856, this action of ejectment was commenced for the purpose of compelling the payment of the last instalment of purchase-money, which the plaintiff alleged remained due and unpaid. The plaintiff gave in evidence certain conveyances, showing the legal title to have been vested in him at the date of the contract between him and Fox, and also the writ in this action, and rested.

The defendants, to maintain the issue on their part, gave in evidence the agreement between John G. Beaver and James Fox, before referred to, and also the record of an action of ejectment, *John G. Beaver* v. *James Fox*, No. 21, of September Term, 1853, for the same tract of land, in which there was a rule of reference entered under the Compulsory Arbitration Act on the 28th day of January, 1854, and an award on the 9th day of March, 1854, in favor of the plaintiff for the land, to be released on the payment of $1089.65, on, or before the 9th day of September, 1854. The defendant further gave in evidence an assignment of the above judgment by James Campbell, attorney for Beaver, the plaintiff, and called testimony to prove the reception of the money by Beaver. At the time of the meeting of the arbitrators in the ejectment, No 21, September Term, 1853, the whole of the purchase-money was due, except the last instalment, which was not included in the said award.

After the defendants had given in evidence the record and

facts above mentioned, the plaintiff's counsel offered to prove by James Campbell, Esq., who was attorney for Beaver, that, at the time he made the assignment to Hamm, he agreed to do so, subject to the rights of the plaintiff, although he did not inform Hamm that there was any more purchase-money due on the contract. To this offer the defendant's counsel objected as incompetent, and also that, as Mr. Campbell was attorney for Beaver, he would be responsible over to him, and incompetent to testify without being released. The court overruled the objection and sealed a bill of exceptions. The plaintiff's counsel further offered to prove by the same witness that the last instalment of purchase-money due on the contract, between Beaver and Fox, was not embraced in the award in No. 21, of September Term, 1853.

To the reception of this testimony the defendant's counsel objected, on the grounds of interest in the witness, who was attorney for Beaver, and, in the event of a verdict for defendants, would be responsible to Beaver for any loss occasioned by his negligence; and also that it was incompetent to control the award of arbitrators in the said action by parol testimony. The court, however, overruled the objections and sealed a bill of exceptions.

After the testimony was closed on both sides, the defendant's counsel requested the court to charge the jury on the following points :

1. The assignment by Beaver's attorney was Beaver's assignment, and, as he received the money, Hamm stands in his place, and the judgment, having become absolute in Hamm, the plaintiff cannot recover.

2. All the purchase-money being due at the time, the award of arbitrators was made in the former ejectment for the same land to compel the specific performance of the contract, that award is conclusive of the rights of the parties, and the plaintiff cannot recover.

3. Under all the facts in this case, the verdict should be for the defendants.

The court, DERRICKSON, J., charged the jury as follows :

"The plaintiff has shown a legal title to the land in controversy; the defendants an equitable one, as follows : On the 23d of February, 1850, the plaintiff gave to Fox, one of the defendants, a contract for the land in controversy, computed at about two hundred and forty-seven acres, excepting about five acres sold to Peter M'Cue, for which Fox was to pay $7 per acre—$400 down, and the residue in four equal yearly instalments. The first three instalments not being paid, the plaintiff brought his ejectment to September Term, 1853, and some short time before the last instalment of February, 1854, became due, en-

[Hamm et al. *v.* Beaver.]

tered a rule of reference. The arbitrators and the parties came together on the 9th of March following, the time fixed for the hearing, and Mr. Campbell, who was the counsel of the plaintiff on that occasion, testifies that he and Mr. Sutton (Fox's counsel at the time) made the calculation of what was owing, taking in only the three instalments, and not including the fourth one, which, he says, was reserved, and the arbitrators made their award in accordance therewith, and not otherwise. He also testifies that, on the day the money was to be paid by the conditions of the award, viz., the 9th September, 1854, Mr. Hamm, the other defendant in this case, came to him and said he wanted to secure the land for Fox, his brother-in-law, and, wishing to secure himself for advancing the money, requested an assignment of the judgment (the award) to him—that he would not take the land from Fox, but hold it in security. Mr. Campbell says he hesitated about making an assignment, when the others remarked he would pay the money at any rate, but that it would be a favor for him to have the assignment. The witness then replied that, subject to the rights of the plaintiff, he would make an assignment, which he accordingly did, as follows, after giving the names of the parties, number, and term of the suit :

" ' For value received, I hereby assign this judgment to D. B. Hamm, September 9, 1854.          J. CAMPBELL,
          $1089.65.          Attorney for plaintiff.'

" The fourth and last instalment, as called for in the contract, not being paid nor embraced in the award, as the plaintiff alleges, he has brought his present ejectment to enforce its payment or recover the land.

"The defendants contend that the award, which was subsequent to the maturity of the last instalment, is conclusive against the plaintiff, whether it was embraced in the recovery or not, and that the assignment, of itself, divests the plaintiff of all right to the land.

" The defence is a technical one, without the merit of abstract justice to sustain it, and the jury is instructed, in answer to the second of the defendant's points, that, if they believe the testimony of Mr. Campbell, as above stated, the plaintiff is entitled to recover, notwithstanding the award. If the former ejectment had been tried before the last instalment became due, it could not have formed part of the verdict, or award, according as the one or the other might have existed, and the parties were at liberty to treat the finding of the arbitrators as though it should not or could not be taken in. Properly, it should have been embraced in the award ; but the parties could be a law to themselves, which would work injustice to no one. With these remarks, this second point is answered in the negative.

" The assignment of the judgment under the circumstances,

and with the reservation of the plaintiff's rights, as testified to by Mr. Campbell, does not divest the plaintiff's right to recover,—provided the jury are satisfied as to the correctness of the testimony. The assignment was not a conveyance of the land; the legal title still remains with the plaintiff, and he can use it here to secure and enforce his reserved rights, if any remain to him. Thus explained, the defendant's first point is answered in the negative.

"The court decline answering the defendant's third point in the affirmative, as in so doing they would have to pass upon the evidence, which is for the jury. If they believe Mr. Campbell, then they can find for the plaintiff.

"There is still another question which has to be met. The contract calls for two hundred and forty-seven acres, less about five acres sold to M'Cue, and a dispute has arisen as to the net quantity. This, however, is unimportant, as the defendant's own witness makes out more land in the net—which is all that can be claimed for here—than the plaintiff claims for. But the defendant contends, that inasmuch as the contract calls for the payment of one-fourth the entire amount of the purchase-money annually, the three-fourths of the excess of the eight and one-half acres of land must have been embraced in the award. Mr. Campbell's testimony is, that the calculations by him and Mr. Sutton were based on the two hundred and forty-seven acres, and no more. If the jury believe this to have been so, and farther that the surveys in evidence were not made till sometime after the award was made, before which the exact quantity could not be known, the plaintiff is entitled to recover for such excess.

"The plaintiff has filed his deed of general warranty, embracing the quantity of land he seeks to recover for in this suit. It will remain with the prothonotary till the final issue is known.

"The points here raised are determined according to first impressions—that this is in accordance with the justice of the case, is hardly to be doubted: but, whether it is purely legal, there may be some conflict of opinion. If this court is in error, a higher one can correct it."

The rejection of the evidence before stated, and charge of the court, were the errors complained of.

*Corbett* and *Lathy*, for plaintiffs in error, cited *Shaw et al.* v. *Bayard*, 4 P. S. R. 258; *Seitzinger* v. *Ridgway*, 9 Watts, 496; *Brown* v. *Nickle*, 6 P. S. R. 391; *Amrich* v. *Oyler*, 25 P. S. R. 506; Chancery Cases, 42; Com. Dig. tit. Decree, Y. 2; *Paull* v. *Oliphant*, 14 P. S. R. 342; *Hess* v. *Heeble*, 6 S. & R. 57; *Buffington's Adm'rs* v. *Buckman's Ex'r*, 4 P. L. J. 418; *Carville* v. *Garrigues*, 5 P. S. R. 152; *Coughanour* v. *Bloodgood*, 27 P. S. R.

[Hamm et al. *v.* Beaver.]

287; 1 Johns. Ch. 195; 1 W. & S. 285; *Lloyd* v. *Barr*, 11 P. S. R. 49; 3 Binn. 356; 4 S. & R. 166; 6 W. & S. 279.

*Reid* and *Lamberton*, for defendant in error, cited *Carmony* v. *Hoober*, 5 P. S. R. 305; *Lykens* v. *Tower*, 2 P. S. R. 391; Brightly's Eq. § 827; Story's Eq. § 338; 1 Greenl. Ev. § 532, 6th ed.; Ib. 551; *Croft* v. *Steele*, 6 W. 373; *Sterner* v. *Gower*, 3 W. & S. 143; 1 Stark. Ev. 222, 6th Am. ed.; *Philips* v. *Berrick*, 16 Johns. 136; *Irwin* v. *Knox*, 10 Johns. 365; *Whittemore* v. *Whittemore*, 2 N. H. Rep. 28; 4 Gill & Johns. 345; *Wheeler* v. *Vanhouten*, 12 Johns. 313; *Goddard* v. *Selden*, 7 Conn. 521; 2 Smith's Lead. Cases, 4th Am. ed. 573; *Wood* v. *Jackson*, 18 Wend. 10; *Badger* v. *Titcomb*, 15 Pick. 409; 7 W. & S. 162; *Stackhouse* v. *O'Hara*, 14 P. S. R. 89; *Naglee* v. *Ingersoll*, 7 Id. 196; *Dodds* v. *Dodds*, 9 Id. 315; *Gable* v. *Hain*, 1 P. R. 267; *Huston* v. *Mitchell*, 14 S. & R. 307.

The opinion of the court was delivered November 17, 1857, by LEWIS, C. J.—On the 23d February, 1850, John G. Beaver entered into articles of agreement for the sale of a tract of land to James Fox, at the rate of seven dollars per acre, $400 to be paid in hand, and the residue in four equal annual instalments. Beaver was to make a good warrantee deed to Fox, at the time when the last instalment should be paid. In 1853, before the last instalment was due, Beaver brought an ejectment to compel the payment of the instalments then due and unpaid. That cause was referred to arbitrators, who found for the plaintiff; the land in controversy to be released on the payment of $1089.65, on or before the 9th September, 1854. The parol evidence shows very clearly, that the last instalment was reserved from the award by the parties themselves. This action is brought on the legal title to enforce the payment of that instalment, and the award in the former action is relied upon as a defence. The award for the plaintiff merely established a right of entry. One judgment in ejectment, according to the common law, is not conclusive on the title. It is true, that in a conditional award like the one under consideration, the defendant's equity may be concluded by his neglect to pay the money within the time specified in the condition. But this is a consequence of his negligence, and not the necessary effect of the award for the plaintiff. Our construction of the condition annexed to the award is, that it was the *recovery*, and not the *title to the land*, that was required to be released on the payment of the money mentioned. If the money had been paid within the time, and the judgment had been released according to the condition, the *title* would still have remained in the plaintiff as a security for the instalment remaining unpaid. There is no presumption, from the face of

[Commonwealth v. Newton.]

the record, that the condition embraced an instalment not due at the commencement of the suit. The presumption is the other way. The arbitrators might, it is true, have included in the condition the whole sum contracted to be paid, but, in that case, they ought to have required from the plaintiff a full conveyance of the land in fee simple, on the payment of the money. They have not done so. They have disposed of nothing but the cause of complaint existing at the time the suit was brought, if it was made to appear that the condition actually did comprise the whole purchase-money due, the court, by virtue of its equity powers, would interpose to compel the plaintiff to convey the title in fee, according to the contract, as soon as the money was paid. But it is not pretended that the last instalment has actually been included in the former award. The defence is, that the award is a bar; and our construction of it, without taking into consideration the parol evidence, is, that it does not bar the present action. This may seem a strict construction, but it is a sound one, and we are satisfied that it accords with the intention of the arbitrators, the understanding of the parties at the time, and the substantial justice of the case. In the view we have here taken, it is unnecessary to decide how far parol evidence may be given, to show what were the matters adjudicated in the former action between the peculiar phraseology of the article of agreement, and the special circumstances of the case. We think that the court below was correct in its instructions in regard to the surplus land.

Judgment affirmed.