Treftz *et al. versus* King *et al.*

1. A judgment in ejectment for the plaintiff on an equitable title was removed to the Supreme Court and affirmed. Subsequently an order was made on the defendant to file the title-papers, &c., in the case and convey to the plaintiff. *Held,* that this order was reviewable in the Supreme Court.

2. The court below had not power to make such order; the plaintiff was entitled to the title-papers and conveyance of the legal title, but his remedy was in equity.

3. Hamm *v.* Beaver, 1 Grant 448, approved.

October 28th 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Cambria county :* No. 140, to October and November Term 1873.

On the 21st of February 1848 an action of ejectment was brought, at the suit of George S. King and others, against J. John Treftz and others, on an equitable title. On the 6th of July 1849 the jury found for the plaintiffs, and judgment was entered on the verdict.

The record was removed to the Supreme Court, and the judgment was affirmed October 25th 1851.

On the 4th of December 1855, a rule was granted on the defendants " to file in court the title-papers in this case for the plaintiffs, and direct J. John Treftz to convey to the plaintiffs." On the 15th of July 1868 this rule was made absolute. On the 24th of July 1873 the defendants took a writ of error, and assigned for error the granting of the rule of December 4th 1855 and making the same absolute.

*G. M. Reade,* for plaintiffs in error, cited Welch *v.* Flood, 2 Wilson 23; Wallace *v.* Elder, 5 S. & R. 143; Geyger *v.* Geyger, 2 Dall. 332; Beale *v.* Dougherty, 3 Binn. 432; Adams *v.* Bush, 5 Watts 289; Burns *v.* Huntingdon Bank, 1 Penna. R. 395; Moser *v.* Hoch, 3 Barr 230.

[Treftz *v.* King.]

*J. P. Linton* and *R. L. Johnson*, for defendants in error, cited Altimus *v.* Elliott, 2 Barr 62; Church *v.* Ruland, 14 P. F. Smith 441; 2 Tr. & Haly's Pract. 303; Peebles *v.* Reading, 8 S. & R. 484; Moody *v.* Vandyke, 4 Binn. 41; McCall *v.* Lennox, 9 S. & R. 302; Hamm *v.* Beaver, 1 Grant 448; Broom's Legal Maxims 481.

The opinion of the court was delivered, November 10th 1873, by

SHARSWOOD, J.—This writ of error is brought upon a judgment in an action of ejectment on a general verdict, rendered in the court below October 6th 1849, which was affirmed by this court: 6 Harris 157. The error now assigned, however, is to an order made by the court many years subsequently (July 15th 1868), requiring the defendants to file in court the title-papers for the plaintiffs, and directing J. John Trefts, one of the defendants, to convey to the plaintiffs. It may perhaps be inferred from some of the entries that it was an equitable ejectment, though we are without any bill of exceptions to show it—as it appears certainly by the case as reported in 6 Harris to have been. Assuming this to have been so, we are of opinion that it affords no ground for the order or decree made by the court below. Before the Acts of Assembly conferring equitable jurisdiction on the courts, the power of giving relief on equitable titles in this state was through the medium of conditional verdicts in ejectment. Such verdict is necessary to place the grounds of equity on the record and to enable the court to make the proper order. Hamm *v.* Beaver, 1 Grant 448, cited by the counsel of the defendants in error, shows this. How else can the decree made below be reviewed? Surely it will not be contended that such a decree as was made in this case is not the subject of review in some form. We think it very clear that the court had no power to make such an order. The plaintiff below, if entitled to possession of the title-papers and to a conveyance of the legal title, is not without remedy. He may file a bill in equity for that purpose.

Order of July 15th 1868 reversed, and record remitted.